Case 3:25-cv-00041-JHY-JCH   Document 13   Filed 03/12/26   Page 1 of 13   Pageid#: 67

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
March 12, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Mohammed Azimi, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25-cv-00041 |
| | ) | |
| John Zug, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

On May 22, 2025, Plaintiff Mohammed Azimi filed this *pro se* action against John Zug, the Clerk of the Albemarle County Circuit Court. Azimi was convicted and sentenced in that court for a criminal offense, and he alleges that Zug intentionally withheld the final court order to prevent him from appealing the judgment. According to Azimi, Zug's actions were part of a concerted effort to punish him for filing complaints against an attorney and various Albemarle County officials.[1] His complaint alleges causes of action under 42 U.S.C. § 1983 and § 1985(2), as well as state-law claims for intentional infliction of emotional distress and gross negligence.

This matter is before the court on Zug's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. 9.) For the reasons that follow, the court will grant the motion.

---

[1] Azimi has filed several of those complaints in this court. He has brought three other civil actions challenging an attorney's and various Albemarle County officials' conduct during child-custody and divorce proceedings in state court. *See Azimi v. Bunch*, No. 3:25-cv-00020 (filed Apr. 15, 2025); *Azimi v. Pustilnik*, No. 3:25-cv-00024 (filed Apr. 21, 2025); *Azimi v. Worrell*, No. 3:25-cv-00043 (filed May 27, 2025).

## I. Background

On January 21, 2025, Azimi was convicted and sentenced for assault and battery of a family member following a jury trial in the Albemarle County Circuit Court. (Compl. ¶ 6 (Dkt. 1); *see* Dkt. 10-1.)[2] Azimi represented himself during the criminal proceedings. (*Id.* ¶ 4.) He alleges that the presiding judge signed a final judgment of conviction and sentence on February 7, 2025, but the order was not entered on the docket at that time. (*Id.* ¶¶ 6, 8.) Azimi repeatedly contacted the Circuit Court Clerk's Office to inquire into the status of the final order. (*Id.* ¶ 8.) On February 18, 2025, Clerk's Office staff informed him "that no such final order existed or had been entered" and that the case was "still awaiting a final order" from the judge. (*Id.*)

In the meantime, Azimi reported to Offender Aid and Restoration ("OAR") as directed by the court to begin supervised probation. (*Id.* ¶¶ 8–9.) According to Azimi, OAR did not receive the final court order until April 24, 2025, and he did not receive it or learn of its existence until May 22, 2025. (*Id.* ¶¶ 10, 17.)

Azimi alleges that Zug conspired with Albemarle County prosecutors and another judicial clerk to withhold the order and misinform him about its status. (*Id.* ¶¶ 12–13.) He also claims that Zug's actions were part of a concerted effort to punish him for filing other complaints against Albemarle County officials and Freedom of Information Act ("FOIA") requests. (*Id.* ¶ 15.) He states that the delay in entering the order caused him to miss the deadlines for filing an appeal or post-trial motion. (*Id.* ¶ 11.)

---

[2] Zug has attached a copy of the Albemarle County Circuit Court's final order to his motion to dismiss. (Dkt. 10-1.) This court may take judicial notice of that court record when resolving the motion. *See Lolavar v. de Santibanes*, 430 F.3d 221, 224 n.2 (4th Cir. 2005).

On May 22, 2025, Azimi applied for leave to file a complaint against Zug *in forma pauperis*. (Dkt. 2.) This court granted his *in forma pauperis* application. (Dkt. 3.) Azimi's complaint alleges four causes of action against Zug in both his individual and official capacities. (Compl. ¶¶ 19–53.) Count 1 alleges claims under 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments to the United States Constitution. (*Id.* ¶¶ 19–25.) Count 2 alleges that Zug conspired with other officials to obstruct justice and deny him equal protection in violation of 42 U.S.C. § 1985(2). (*Id.* ¶¶ 26–33.) Counts 3 and 4 allege claims under Virginia law for intentional infliction of emotional distress ("IIED") and gross negligence, respectively. (*Id.* ¶¶ 34–53.) Azimi seeks declaratory, injunctive, and monetary relief. (*Id.* at 18–21.)

On August 4, 2025, Zug moved to dismiss the complaint under Rules 12(b)(1) and 12(b)(6). (Dkt. 9.) The court issued a *Roseboro* notice two days later. (Dkt. 11.) To date, Azimi has not filed a response to the motion to dismiss.

## II.   Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over a complaint. *See* Fed. R. Civ. P. 12(b)(1). A defendant may bring either a facial or factual challenge to subject matter jurisdiction. *See Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017). A facial challenge, which Zug raises here, "contend[s] that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (internal quotation marks omitted) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "[T]he facts alleged in the complaint are taken as

true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). It does not "resolve contests surrounding the facts or the merits of a claim." *Doriety for Est. of Crenshaw v. Sletten*, 109 F.4th 670, 679 (4th Cir. 2024) (internal quotation marks omitted) (quoting *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023)). When reviewing a Rule 12(b)(6) motion to dismiss, the court must "accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To avoid dismissal under Rule 12(b)(6), the complaint must allege more than "labels and conclusions" or "naked assertion[s]" unsupported by "further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

The court liberally construes pleadings filed by a *pro se* party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At the same time, liberal construction "does not transform the court into an advocate" for *pro se* parties. *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990). *Pro se* parties, like all litigants, must comply with the pleading requirements in

the Federal Rules of Civil Procedure. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

### III. Analysis

Azimi has not filed any response to Zug's motion to dismiss. Even where a plaintiff does not respond to a motion to dismiss, "the district court nevertheless has an obligation to review the motion[] to ensure that dismissal is proper." *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014); *see also Goudy v. Navy Fed. Credit Union Found.*, No. 23-1721, 2024 WL 2206508, at *1 (4th Cir. May 16, 2024) (vacating and remanding district court decision that dismissed complaint based solely on the plaintiff's failure to respond to the defendant's motion to dismiss). Thus, the court must analyze whether Azimi has stated any claim against Zug.

As explained below, the court concludes that Azimi's federal claims must be dismissed. His official-capacity claims for damages are barred by sovereign immunity, and his remaining § 1983 and § 1985(2) claims fail to state a plausible claim for relief. Because the court will dismiss all claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over Azimi's state-law claims.

### A. Azimi's § 1983 and § 1985(2) claims must be dismissed.

Zug argues that the complaint should be dismissed on multiple grounds. He first argues that the Eleventh Amendment bars any claims against him in his official capacity as Clerk of the Albemarle County Circuit Court. (Def.'s Mem. in Supp. at 6, 16–17 (Dkt. 10).) He then argues that Azimi fails to state a plausible claim for his remaining counts. (*Id.* at 7–12, 13–16, 17–18.) The court will address each argument in turn.

1. <u>Azimi's § 1983 and § 1985 claims for damages against Zug in his official capacity are mostly barred by sovereign immunity.</u>

Under the Eleventh Amendment, a state official acting in his official capacity is immune from suit for damages. *Ballenger v. Owens*, 352 F.3d 842, 845 (4th Cir. 2003). Courts have explained that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, and as such, it is no different from a suit against the State itself." *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995) (internal quotation marks omitted) (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). The Eleventh Amendment bars suits against a nonconsenting state by its own citizens in federal court. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Virginia has not waived its sovereign immunity to actions under § 1983 or § 1985. *See, e.g., Saphilom v. Fairfax Cnty. Police*, No. 3:23-cv-562, 2024 WL 4863296, at *4 (E.D. Va. Nov. 21, 2024). While Congress may abrogate a state's Eleventh Amendment immunity, the Supreme Court has held that § 1983 did not have that effect.[3] *Kentucky v. Graham*, 473 U.S. 159, 169 n. 17 (1985). Courts have recognized that § 1985 also did not abrogate state sovereign immunity. *See Love v. Hogan*, No. 22-1928, 2025 WL 763473, at *1 (4th Cir. Mar. 11, 2025) (per curiam) (citing *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998); *Fincher v. Fla. Dep't of Labor*, 798 F.2d 1371, 1372 (11th Cir. 1986)).

Because Azimi's federal claims against Zug in his official capacity are treated as claims against the Commonwealth, they are mostly barred by sovereign immunity. *See Blankenship v. Warren Cnty.*, 918 F. Supp. 970, 973, 974 n.4 (W.D. Va. 1996) (noting that a Clerk of Court

---

[3] In addition, the Supreme Court has recognized that a state is not a "person" who may be sued within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63–64 (1989).

and Virginia's other constitutional officers are entitled to immunity pursuant to the Eleventh Amendment). Azimi's official-capacity claims can proceed only to the extent they seek prospective injunctive relief against Zug. (*See* Compl. at 18–19 (asking the court to enter an injunction requiring Zug "to implement appropriate policies and procedures to protect litigants' rights").) "The *Ex Parte Young* exception to the Eleventh Amendment 'allows private citizens, in proper cases, to petition a federal court to enjoin State officials in their official capacities from engaging in future conduct that would violate the Constitution or a federal statute.'" *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 746 (4th Cir. 2018) (quoting *Antrican v. Odom*, 290 F.3d 178, 184 (4th Cir. 2002)).

The court will dismiss all claims that do not seek injunctive relief without prejudice for lack of subject matter jurisdiction. *See Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) (noting that Eleventh Amendment immunity "deprives federal courts of jurisdiction").

2. <u>Azimi has not alleged facts that state a plausible claim under § 1983 or § 1985(2).</u>

To the extent that Azimi's § 1983 and § 1985(2) claims are not barred by sovereign immunity, they fail to withstand Rule 12(b)(6) scrutiny.

*i. Section 1983*

To state a claim under § 1983, Azimi must allege (1) that he was deprived of a federal constitutional or statutory right, and (2) that the deprivation was committed under color of state law. *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). Azimi alleges that Zug violated his First and Fourteenth Amendment rights by impeding his ability to appeal his conviction. (Compl. ¶¶ 19–25.)

Azimi appears to allege that Zug violated his First Amendment right to petition by denying his access to the appellate court. (*Id.* ¶¶ 19–20.) Courts have recognized a cause of action for the denial of access to courts. *See Christopher v. Harbury*, 536 U.S. 403, 412–13 (2002). The precise constitutional basis for these claims is unsettled, but the Supreme Court has clarified that "the right is ancillary to the [plaintiff's] underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415. A plaintiff who brings a denial-of-access claim "must identify a 'nonfrivolous,' 'arguable' underlying claim," *id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 353 & n.3 (1996)), and show that the defendant actually "hindered his efforts to pursue" it, *Lewis*, 518 U.S. at 351. In other words, "the cause of action in the underlying action, 'whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.'" *Connor v. Henry Cnty. Sheriff's Off.*, No. 7:23-cv-00061, 2023 WL 3026740, at *2 (W.D. Va. Apr. 20, 2023) (quoting *Christopher*, 536 U.S. at 415). Where, as here, a denial-of-access claim is backwards-looking, the plaintiff also "must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Christopher*, 536 U.S. at 415.

The allegations in Azimi's complaint do not meet these standards. The complaint says nothing about the arguments Azimi intended to raise on appeal, so it does not plausibly allege that Zug's actions prevented him from making a "nonfrivolous" or "arguable" argument challenging his conviction or sentence. More fundamentally, it is unclear that Azimi was in fact barred from filing an appeal after he received notice of the final judgment. He does not allege, for instance, that he attempted to file an appeal but had it dismissed as untimely. As

such, he has not shown that a remedy was "not otherwise available" in the appropriate appellate court. *Id.* Without such allegations, Azimi does not state a plausible denial-of-access claim.

Azimi also alleges a claim for First Amendment retaliation. (Compl. ¶ 15.) To state such a claim, he must allege that he (1) engaged in protected First Amendment activity, (2) Zug took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and Zug's conduct. *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020). Even if the court assumes that the complaint pleads enough facts to support the first two elements, it fails to allege a causal connection between protected First Amendment activity and an adverse action. To demonstrate a causal connection, "a plaintiff must show (1) the defendant['s] awareness of the plaintiff's protected speech and (2) 'some degree of temporal proximity' between that awareness and the adverse action." *Bhattacharya v. Murray*, 515 F. Supp. 3d 436, 457 (W.D. Va. 2021) (quoting *Constantine v. Rector & Visitors of George Mason Univ.*, 411 F.3d 474, 501 (4th Cir. 2005)). None of the alleged facts indicate that Zug or any employees in the Circuit Court Clerk's Office were aware of Azimi's FOIA requests or the complaints he had filed against other local officials. Azimi does not allege that any of those requests or complaints were directed at Zug or employees in his office. Instead, he relies on unsupported assertions that Zug was "aligned politically or personally" with the Albemarle County Commonwealth's Attorney's Office and conspired with other local officials "to use the powers of his clerk's office to assist in thwarting [Azimi's] pursuits." (Compl. ¶¶ 14–15.) Those assertions are too speculative to support a reasonable inference that Zug had personal knowledge of Azimi's alleged First Amendment activity. In addition, the complaint says

nothing about the temporal proximity between the alleged protected activity and the alleged failure to send him the final court order. The First Amendment retaliation claim must be dismissed for these reasons.

The complaint also fails to state a § 1983 claim for a violation of Azimi's due process rights under the Fourteenth Amendment. Azimi alleges that Zug's failure to promptly file the court order violated his procedural due process rights. (*Id.* ¶ 21.) To state a claim for a procedural due process violation, he "must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). In addition, to establish liability under § 1983, he "must show that [Zug] acted intentionally in depriving him of his protected interest." *Lovelace v. Lee*, 472 F.3d 174, 202 (4th Cir. 2006); *see also Lee X v. Casey*, 771 F. Supp. 725, 732 (E.D. Va. 1991) (stating that a deprivation must involve "intentional, deliberate or arbitrary misconduct"). The Supreme Court has recognized that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original); *see Pink v. Lester*, 52 F.3d 73, 74–75 (4th Cir. 1995). "[I]njuries inflicted by governmental negligence are not addressed by the United States Constitution . . . ." *Daniels*, 474 U.S. at 333.

Azimi does not plead sufficient facts showing that Zug intentionally deprived him of a protected interest. His naked assertions that the failure to promptly enter the judgment was "intentional" and the product of "deceit" are not enough to plausibly allege a due process violation. (Compl. ¶¶ 21, 23.) The same is true of his unsupported allegations that Zug conspired with those officials to harm Azimi's litigation efforts and directed Clerk's Office

- 10 -

staff to "misinform[]" him that no final order existed. (*Id.* ¶¶ 12, 14.) The facts alleged in the complaint do not demonstrate that Zug "acted personally in the deprivation of [Azimi's] rights" under the Fourteenth Amendment. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017).

Accordingly, the court concludes that the complaint does not state any claim for relief under § 1983.

  *ii. Section 1985(2)*

Count II alleges a conspiracy claim under § 1985(2). (Compl. ¶¶ 26–33.) In relevant part, § 1985(2) authorizes a civil action "if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State . . . with intent to deny to any citizen the equal protection of the laws." 42 U.S.C. § 1985(2). To state a conspiracy claim under § 1985, a plaintiff must plead facts showing

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Tomasello v. Greenzweig*, 461 F. Supp. 3d 302, 317 (E.D. Va. 2020) (quoting *Thomas v. The Salvation Army S. Terr.*, 841 F.3d 632, 637 (4th Cir. 2016)).

Azimi's § 1985(2) claim fails for multiple reasons. For one, the alleged facts do not plausibly show any conspiracy. As the court has already noted, Azimi's allegations that Zug conspired and communicated with other local officials to thwart his litigation are conclusory and lack factual support. (*See* Compl. ¶¶ 13–14, 27.) The Fourth Circuit has instructed that "[a]llegations of parallel conduct and a bare assertion of a conspiracy are not enough for a claim to proceed." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted) (quoting *A*

*Soc'y Without A Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011)); *see also A Soc'y Without a Name*, 655 F.3d at 346–47 (affirming dismissal of a § 1985(3) conspiracy claim because the plaintiff failed to specify "the persons who agreed to the alleged conspiracy, the specific communications amongst the conspirators, or the manner in which any such communications were made").

In addition, Azimi does not allege that Zug and the other co-conspirators acted with the necessary class-based, discriminatory animus. To have an actionable claim under § 1985, the plaintiff must belong to a class that possesses the "discrete, insular and immutable characteristics comparable to those characterizing classes such as race, national origin and sex." *Buschi v. Kirven*, 775 F.2d 1240, 1257 (4th Cir. 1985) (addressing § 1985(3)). Azimi admits that he is not alleging that he faced animus based on one of those protected classes. (Compl. ¶ 29.) Instead, he attempts to rely on his "status as an individual who zealously exercised his constitutional and statutory rights" and criticized local officials. (*Id.*) Azimi does not cite any authority recognizing that a plaintiff may bring a § 1985 claim based on a class of one, as he attempts to do here.

Accordingly, the court concludes that the complaint does not state any claim for relief under § 1985(2).[4]

### B. The court declines to exercise supplemental jurisdiction over Azimi's state-law claims.

Having concluded that Azimi's federal claims must be dismissed, the court will not exercise supplemental jurisdiction over Azimi's two state-law counts.

---

[4] Because Azimi's § 1985(2) claim fails for these reasons, the court need not address Zug's argument that the claim is also barred by the intracorporate conspiracy doctrine. (*See* Def.'s Mem. in Supp. at 12–13.)

A district court may decline to exercise supplemental jurisdiction where, as here, it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The court has "wide latitude in determining whether or not to retain jurisdiction" in this scenario. *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024) (quoting *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995)). "[G]enerally, when a district court dismisses all federal claims in the early stages of litigation . . . it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice." *Id.* (internal quotation marks omitted) (quoting *Banks v. Gore*, 738 F. App'x 766, 773 (4th Cir. 2018)). In deciding whether to exercise supplemental jurisdiction, the court weighs multiple factors, including "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan*, 58 F.3d at 110 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

After balancing the relevant factors in this case, the court finds they clearly weigh in favor of declining supplemental jurisdiction over Azimi's state claims in Counts III and IV.

### IV.     Conclusion

For the reasons stated above, the court will grant Zug's motion to dismiss Azimi's complaint. The court will dismiss the complaint without prejudice.

An appropriate Order shall accompany this Memorandum Opinion.

**ENTERED** this  12th  day of March, 2026.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE